**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ALLSTEEL INC., an Illinois corporation, ) | |
| ) | |
| Plaintiff, ) | CASE NO. 1:15-cv-4874 |
| ) | |
| v. ) | |
| ) | |
| DIRTT ENVIRONMENTAL SOLUTIONS ) | |
| LTD., a Canadian corporation, ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

This is a declaratory judgment action seeking a declaration of non-infringement of U.S. Patent No. 8,024,901 (the "'901 Patent").

**I. PARTIES**

1. Plaintiff Allsteel Inc. ("Allsteel") is a corporation organized and existing under the laws of the State of Illinois and has a principal place of business at 408 East Second Street, Muscatine, Iowa, 52761.

2. Upon information and belief, Defendant DIRTT Environmental Solutions Ltd. ("DIRTT") is a Canadian corporation having a principal place of business at 7303 – 30th Street, S.E., Calgary, Alberta, Canada.

**II. JURISDICTION AND VENUE**

3. These claims arise under the Declaratory Judgments Act, 28 U.S.C. §§ 2201 *et seq.*, and the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*, and seek a declaration of non-infringement of the '901 Patent.

4. This Court has subject matter jurisdiction based upon 28 U.S.C. §§ 1331, 1338(a), and 2201(a). This Court may declare the rights and other legal relations of the parties, pursuant

to the provisions of the Declaratory Judgments Act, 28 U.S.C. §§ 2201 *et seq.*, because this is a case of actual controversy within the Court's jurisdiction seeking a declaratory judgment that the '901 Patent is not infringed.

5. DIRTT has employees and operates one or more facilities in this District, including a "Green Learning Center" located at 1000 325 N. Wells St., Chicago, Illinois, which is within this District.

6. DIRTT transacts business within the State of Illinois and this District via various authorized sales representatives and/or distribution partners based in and around Chicago, Illinois, including Corporate Concepts, Inc. in Chicago and Lombard, Illinois, and Henricksen in Chicago, Itasca, and Naperville, Illinois. DIRTT's list of authorized sales representatives and distribution partners can be found on the Contact page of DIRTT's website at the following URL: http://www.dirtt.net/public/contact.php.

7. DIRTT's U.S. subsidiary, DIRTT Environmental Solutions, Inc. ("DIRTT Inc."), is registered to do business in Illinois according to the Illinois Secretary of State's website and has an agent in Illinois.

8. On information and belief, DIRTT and DIRTT Inc. have the same president, Mr. Scott Jenkins. According to the Illinois Secretary of State website, Mr. Jenkins, as well as DIRTT Inc.'s corporate secretary, Mr. Derek Payne, have an address of 1000 325 N. Wells St., Chicago, IL 60654.

9. This Court has personal jurisdiction over DIRTT because DIRTT is at home or essentially at home in this District, including because it has conducted and regularly conducts business activities and has had continuous and systematic contacts with the State of Illinois and this District, maintains facilities in Illinois, has employees in Illinois, intentionally markets and

provides its products to residents of the State of Illinois and this District; intentionally avails itself of the laws of the State of Illinois and this District by entering into ongoing contractual relationships with authorized sales representatives and distribution partners who market and sell DIRTT's products to residents of the State of Illinois and this District, and enjoys substantial income from the sales of its products to residents of the State of Illinois and this District.

10. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

### III. ACTUAL CONTROVERSY

11. On February 25, 2015, DIRTT filed a Complaint (the "Utah Complaint") against Allsteel in the District of Utah under Civil Action No. 2:15-cv-00123. A copy of the Utah Complaint is attached hereto as Exhibit 1.

12. Prior to serving the Utah Complaint, DIRTT informally provided Allsteel with a copy of the Utah Complaint. In the Utah Complaint, DIRTT alleges ownership of the '901 Patent and infringement of the '901 Patent by Allsteel's Beyond® line of modular wall systems (the "Threatened Allsteel Products").

13. DIRTT served the Utah Complaint on Allsteel on April 6, 2015.

14. On May 27, 2015, Allsteel timely filed a motion under FED. R. CIV. P. 12(b)(2) seeking dismissal of the Utah Complaint for lack of personal jurisdiction over Allsteel on the grounds that the Threatened Allsteel Products have never been made, sold, offered for sale, or used in Utah and Allsteel's minimal presence in Utah cannot support personal jurisdiction over Utah. Attached hereto as Exhibit 2 is a copy of the Motion to Dismiss and supporting Declaration filed by Allsteel.

15. In view of DIRTT's allegations in the Utah Complaint and DIRTT's actions in relation to the Utah Complaint, there exists an actual and justiciable controversy within this

Court's jurisdiction between Allsteel and DIRTT regarding the alleged infringement of the '901 Patent, which authorizes this Court to provide a declaration of rights.

16. With respect to the '901 Patent, a real, definite, concrete, and substantial dispute has arisen that touches upon the legal relations of Allsteel and DIRTT, who have adverse legal interests in the dispute and its resolution.

17. DIRTT's conduct in filing and serving the Utah Complaint notwithstanding that the District of Utah cannot exercise personal jurisdiction over Allsteel impedes the efficient resolution of the parties' dispute.

18. The dispute between Allsteel and DIRTT admits of specific relief through a decree of a conclusive character and is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment pursuant to the Declaratory Judgments Act, 28 U.S.C. §§ 2201 *et seq.*

### IV. COUNT ONE: DECLARATORY JUDGMENT OF NON-INFRINGEMENT

19. Allsteel hereby realleges and incorporates by reference, as if fully set forth herein, the allegations set forth in paragraphs 1–18, above.

20. For the reasons set forth in this complaint, an actual case and controversy exists between DIRTT and Allsteel based on DIRTT's '901 patent and the Threatened Allsteel Products.

21. Allsteel is entitled to make, use, sell, and offer for sale the Threatened Allsteel Products because Allsteel does not infringe, and has never infringed, any claim of the '901 Patent, whether literally, directly, indirectly, jointly with any other person or entity, contributorily, by inducement, under the doctrine of equivalents, or otherwise under any section of 35 U.S.C. § 271.

22. Because there exists an actual and justiciable controversy regarding Allsteel's alleged infringement of the '901 Patent, this Court should issue a declaration that Allsteel does not infringe, and has never infringed, any claim of the '901 Patent.

## V. PRAYER FOR RELIEF

**WHEREFORE**, Allsteel respectfully requests that the Court enter judgment in favor of Allsteel as follows:

A. Finding that Allsteel does not infringe, and has never infringed, any claim of the '901 Patent, whether literally, directly, indirectly, jointly with any other person or entity, contributorily, by inducement, under the doctrine of equivalents, or otherwise under any section of 35 U.S.C. § 271;

B. Enjoining DIRTT, its counsel, its officers, and any and all persons in active concert or participation with it, either directly or indirectly, from charging infringement of, or instituting any action for infringement of, the '901 Patent against Allsteel, its vendors, its business partners, its distributors, or its customers for the manufacture, use, sale, offer for sale, or importation of Allsteel's products, systems, and/or services that DIRTT accuses of infringing the '901 Patent;

C. Awarding Allsteel its costs, expenses, and fees, including reasonable attorneys' fees, pursuant to 35 U.S.C. § 285, Rule 54(d) of the Federal Rules of Civil Procedure, and any other applicable statutes or rules; and

D. Awarding Allsteel such other and further relief as the Court deems just, equitable and proper.

## VI. JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Allsteel respectfully requests a trial by jury on all issues so triable.

Dated: June 2, 2015					Respectfully submitted,

					 /s/ Colby A. Kingsbury
					Colby A. Kingsbury (#6272842)
					**FAEGRE BAKER DANIELS LLP**
					311 S. Wacker Dr., Suite 4400
					Chicago, IL 60606-6622
					Telephone: (312) 212-6500
					Fax: (312) 212-6501
					Email: colby.kingsbury@faegrebd.com

					R. Trevor Carter (*pro hac vice* to be filed)
					**FAEGRE BAKER DANIELS LLP**
					300 N. Meridian St., Suite 2700
					Indianapolis, IN 46204
					Telephone: (317) 237-0300
					Email: trevor.carter@faegrebd.com

					Timothy M. Sullivan (*pro hac vice* to be filed)
					**FAEGRE BAKER DANIELS LLP**
					2200 Wells Fargo Center
					90 S. Seventh St.
					Minneapolis, MN 55402
					Telephone: (612) 766-7000
					Email: timothy.sullivan@faegrebd.com

					*Counsel for Plaintiff, Allsteel Inc.*